United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KRISTINA BATCHELOR,

Plaintiff,

v.

BKF ENGINEERS, et al.,

Defendants.

Case No. 26-cv-02623-LB

**ORDER REMANDING CASE**

Re: ECF No. 9

**INTRODUCTION**

This is a putative class action, filed initially in state court. The plaintiff claims wage-and-hour violations by her former employer, defendants BKF Engineers and its affiliated entities, in violation of California law.[1] BKF removed the case to federal court, asserting that a collective-bargaining agreement (CBA) governs several claims, resulting in their preemption under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and that supplemental jurisdiction exists over any claims that do not raise federal questions.[2] The plaintiff, who is not covered by the CBA, moves to remand, asserting that the claims do not arise from the CBA or

---

[1] Compl. – ECF No. 1-2 at 7 (¶¶ 1–3), 8 (¶¶ 9–10). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 1 at 8–11 (¶¶ 19–31), 14 (¶ 41); Opp'n – ECF No. 13 at 6.

ORDER – No. 26-cv-02623-LB

require interpretation of it.[3] The motion to remand is granted. The plaintiff is not a party to the CBA, and the claims do not arise from or require interpretation of the CBA.

## STATEMENT

The plaintiff worked as a marketing coordinator for the defendants from October 2021 through February 2023.[4] The complaint has a California class of current and former California hourly paid and/or non-exempt employees and a subclass of former employees.[5] The defendants are California employers who provide engineering, construction-management, and other services for projects.[6]

The complaint has nine claims: (1) unpaid minimum wages, in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (2) unpaid overtime, in violation of *id.* §§ 510 and 1198; (3) meal-break violations, *id.* §§ 226.7 and 512(a); (4) rest-break violations, *id.* § 226.7; (5) untimely payment of wages during employment, in violation of *id.* §§ 204 and 210; (6) inaccurate wage statements, in violation of *id.* § 226(a); (7) failure to pay wages on discharge, in violation of *id.* §§ 201, 202, and 203; (8) failure to reimburse business expenses, in violation of *id.* §§ 2800 and 2802; and (9) unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.[7]

The plaintiff is not covered by a CBA.[8] Many class members are union members with CBAs that govern their employment.[9] BKF identified these CBA provisions as relevant:

> The CBAs set forth schedules of wages, overtime, meal and rest periods, and govern various procedures including the procedures for making complaints about their working conditions and wages. (CBAs, generally.) For example, one section of the CBAs discusses the working hours of employees and when overtime will be paid. (Dkt. 1-3, pgs. 20-21, Section A.) In another section, the CBAs discuss the number and timing of meal periods including the payment of additional wages when a meal period is not taken. (Dkt. 1-3, pg. 22, Section E.) Another section of the CBAs

[3] Mot. – ECF No. 9 at 11.

[4] Compl. – ECF No. 1-2 at 9 (¶ 19).

[5] *Id.* at 10 (¶¶ 23–24).

[6] *Id.* at 8 (¶ 10); Levy Decl. – ECF No. 1-3 at 2 (¶ 2).

[7] Compl. – ECF No. 1-2 at 13–23 (¶¶ 32–93).

[8] Reply – ECF No. 15 at 2 (the point is undisputed).

[9] Levy Decl. – ECF No. 1-3 at 2–3 (¶ 4). There are two unions and six CBAs (three for each union) covering March 2018 to the present. *Id.* at 3 (¶¶ 5–11).

United States District Court
Northern District of California

discusses the payroll cycle for the payment of wages. (Dkt. 1-3, pg. 22, Section F.) Yet another section discusses the reimbursement of covered Class Members for use of their personal vehicles for work. (Dkt. 1-3, pg. 23, Section G.) One section discusses the wage rates for Class Members subject to the CBAs. (Dkt. 1-3, pgs. 28-29, Article XIV Classification and Wage Rates.) The CBAs also discuss the grievance procedure related to employment claims including claims under the California Labor Code. (Dkt. 1-3, pgs. 8-11, Article V Grievance Procedure.).[10]

## LEGAL STANDARDS

### 1. Removal Jurisdiction

A defendant may remove a case to federal court if the plaintiff could have filed the case here, meaning, if the court has federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because district courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "the court resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removing party has the burden of establishing the court's jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). That burden must be carried by a preponderance of the evidence. *See, e.g.*, *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

### 2. LMRA Preemption and Jurisdiction

LMRA § 301 establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). It preempts any state claims based on alleged violations of collective-bargaining agreements between employers and labor organizations. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983). The test for preemption is whether resolution of the state claim requires the court to construe a provision of the CBA. *Lingle*

[10] Levy Decl. – ECF No. 1-3 at 3 (¶¶ 5–12) & Exs. A–G to *id.*; Opp'n – ECF No. 13 at 7–8. The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Joint Statement – ECF No. 17 at 2. The court held a hearing on June 4, 2026.

<div style="writing-mode: vertical-lr">United States District Court
Northern District of California</div>

*v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); *Dent v. Nat'l Football League*, 902 F.3d 1109, 1116–17 (9th Cir. 2018). If a claim is "founded directly on rights created by collective-bargaining agreements" or is "substantially dependent on analysis of a collective-bargaining agreement," then § 301 preempts it. *Caterpillar*, 482 U.S. at 394 (1987) (cleaned up). But "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc).

The preemption inquiry thus has two parts. First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Second, if the right underlying the state claim exists independently of the CBA, then the court considers whether the right is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* (cleaned up). That occurs when the court must interpret an agreement, not merely look to it. *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) ("[M]ere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim."). The need for interpretation must reach a "reasonable level of credibility." *Cramer*, 255 F.3d at 692.

## ANALYSIS

The LMRA does not preempt the plaintiff's claims because she is not covered by a CBA. The motion to remand is granted.

The defendants assert that preemption can be applied because class members are governed by the CBA.[11] No controlling Ninth Circuit decision squarely resolves whether a mixed union/non-

---

[11] Opp'n – ECF No. 13 at 19.

union putative class can support § 301 removal where the named plaintiff is not covered by a CBA. *Cf. Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1083, 1089 (9th Cir. 2025) (affirming remand of union employee's claims as not preempted by § 301). The defendants point to PAGA cases, where some district courts have applied preemption when a non-covered employee files a suit on behalf of employees covered by a CBA.[12] *See, e.g.*, *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-09959-MWF (AGR), 2022 U.S. Dist. LEXIS 42113, at *4 (C.D. Cal. Mar. 8, 2022); *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); *Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-00283-JSC, 2023 WL 6626129, at *3–4 (N.D. Cal. Oct. 10, 2023).

The plaintiff responds that preemption exists only when a claim arises entirely from a CBA or requires interpretation of it, and as a non-covered employee, her claims necessarily are not covered by the CBA.[13] She distinguishes the PAGA cases as unique: the plaintiff acts as a proxy for the state of California, the real party in interest. In *Shwiyat*, for example, the court distinguished PAGA, where the plaintiff represents a single principal (the Labor and Workforce Development Agency) and class actions, where the plaintiff represents absent individuals. 2023 U.S. WL 6626129, at *3–4.[14]

The CBA provisions apply only to covered employees and do not displace a non-covered employee's statutory rights. The plaintiff's rights to overtime, meal and rest periods, and timely payment arise under the Labor Code (step one), and resolving her claims does not require interpreting the CBA (step two) because she is not bound by it. The § 301 touchstone is the plaintiff's claim. *Caterpillar*, 482 U.S. at 398–99; *Cramer*, 255 F.3d at 691. In a putative class action, subject-matter jurisdiction is assessed by reference to the named plaintiff's claims. *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020). When a plaintiff's state-law claim does not arise from or require interpretation of a CBA, a defendant "cannot, by invoking the

---

[12] *Id.* (collecting cases).

[13] Reply – ECF No. 15 at 2–3.

[14] Mot. – ECF No. 9 at 11.

United States District Court
Northern District of California

agreement as a defense, transform the action into one arising under federal law." *Renteria-Hinojosa*, 150 F.4th at 1089 (cleaned up). In addition, BKF's authorities are PAGA cases. There, the plaintiff is the state's proxy and necessarily litigates the claims of aggrieved employees frequently covered by a CBA. In a class action, a Rule 23 representative sues in her own right.

The defendants' reliance on *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), does not change the analysis. *Curtis* held that where the Labor Code section 514 exemption applies to an employee covered by a valid CBA, the employee's right to overtime "exists solely as a result of the CBA" and is preempted at step one. *Id.* at 1154–55. But section 514 exempts only "an employee covered by a valid collective bargaining agreement," Cal. Lab. Code § 514, and the plaintiff is not covered. Her overtime right arises under section 510, not the CBA, so *Curtis* — a case about a covered employee whose right existed only under the agreement — is inapposite. That some absent class members may be covered does not convert the non-covered named plaintiff's statutory claim into a federal one; the plaintiff's claim remains the touchstone. *Caterpillar*, 482 U.S. at 398–99; *Cramer*, 255 F.3d at 691. *Curtis* is not to the contrary: it found preemption because, for that plaintiff, the CBA was the sole source of the right, whereas here the Labor Code is.

Moreover, whether absent, presently unidentified class members are covered, if relevant at all, arguably is a question of class certification and manageability, not jurisdiction. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261–62 (9th Cir. 2015) (distinguishing standing (addressing the disjuncture between injuries suffered by named and unnamed plaintiffs) and class certification (addressing, once the named plaintiff establishes standing, whether the Rule 23(a) prerequisites for class certification are met)).

In sum, the plaintiff is not covered by the CBA. That defeats removal on § 301 grounds.

## CONCLUSION

The court remands the case to the San Mateo County Superior Court. This resolves ECF No. 9.

**IT IS SO ORDERED.**

Dated: June 11, 2026

LAUREL BEELER
United States Magistrate Judge